# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 11, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**DOUGLAS E. CHAPMAN,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0326**  (BOR Appeal No. 2046271)
                            (Claim No. 2005014283)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**JST, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Douglas E. Chapman, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 16, 2012, in which the Board affirmed an August 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 29, 2010, decision denying Mr. Chapman's request to add the diagnoses of fracture of the C3 vertebra and lumbago as compensable components of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Chapman worked as a truck driver and mechanic for JST, Inc. On September 19, 2004, Mr. Chapman was injured when a truck ran over his right foot, ankle and leg. Mr. Chapman was taken to the emergency room and found to have multiple fractures and dislocations of the metatarsal bone in his right foot. Mr. Chapman's claim was held to be compensable. On June 22, 2010, Dr. Tannoury requested the addition of the diagnoses of a fracture of the C3 vertebra and lumbago as compensable components of the claim. In a series of treatment notes, Dr. Tannoury found that Mr. Chapman's right foot had healed nicely. But Dr. Tannoury stated that Mr. Chapman's back complaints were affecting his ability to perform activities of daily living. Dr. Tannoury also opined that it was reasonable to believe that Mr. Tannoury suffered a back injury while he was struggling to pull his foot out from under the truck wheel. The claims administrator denied Dr. Tannoury's request to add the diagnoses because they were not related to the compensable injury. Following the denial, Mr. Chapman was evaluated by Dr. Jin who found that he had sustained a prior back injury when he fell off a load of lumber. Dr. Jin found that at the time Mr. Chapman had sustained fractures in his back and believed Mr. Chapman's current symptoms were related to that injury. Dr. Jin also stated that the mechanism of Mr. Chapman's compensable foot injury would not commonly cause a compression fracture in the claimant's spine. The Office of Judges affirmed the claims administrator's decision on October 10, 2011. The Board of Review then affirmed the Order of the Office of Judges on February 16, 2012, leading Mr. Chapman to appeal.

The Office of Judges found that Mr. Chapman was not entitled to the addition of the requested diagnosis codes for a fracture of the C3 vertebra and lumbago as compensable components of his September 19, 2004, injury. The Office of Judges found that Mr. Chapman did not meet his burden of establishing that he had sustained the conditions as a result of the compensable injury or that they were causally related to the compensable injury. The Office of Judges did not rely on the opinion of Dr. Tannoury because it found that Dr. Tannoury's belief that the injuries were sustained when Mr. Chapman was thrown down or when he tried to remove himself from under the truck wheel was based on pure speculation without supporting evidence. The Office of Judges found, based on the report of Dr. Jin, that Mr. Chapman's current symptoms pre-existed the compensable injury and were not related to it. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Chapman has not demonstrated that he sustained a fracture of his C3 vertebra or lumbago as part of the compensable September 19, 2004, injury. He has not established that the requested additional diagnoses are causally related to his compensable injury. The report of Dr. Tannoury speculated that he could have injured his back while trying to pull away from the truck that crushed his foot. But Dr. Tannoury did not provide any evidence to support his opinion and his opinion is directly contradicted by Dr. Jin, who believed Mr. Chapman's current symptoms were related to a prior back injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3